STATE OF MAINE
AROOSTOOK,ss

SUPERIOR COURT
DOCKET NO. CR-14-0545

STATE OF MAINE                    )
                                  )
                                  )
                                  )
vs.                               )        ORDER ON MOTION TO SUPPRESS
                                  )
                                  )
                                  )
DENNIS WINCHESTER                 )
                Defendant         )

Pending before the court is the Defendant's Motion to Suppress. The Defendant contends that his rights to due process have been violated by what he alleges to be the State's failure to preserve exculpatory evidence. The court has conducted an evidentiary hearing in this matter and has now had the opportunity to consider the evidence and the arguments of counsel. For the reasons set forth herein, the court denies this motion.

In this case, Maine State Police Trooper Chuck Michaud was investigating a theft of property belonging to Bradley Lajoie. In conjunction with the search of property apparently belonging to Holly Anderson in Van Buren[1], the trooper seized 4 motor vehicle rims and tires. Mr. Lajoie identified the rims and tires as his and thereafter, Trooper Levesque returned them to him. The State has now charged the Defendant with Theft (Class C) and Violation of Condition of Release (Class E).

The Defendant contends that his right to a fair trial comporting with due process requirements has been compromised by virtue of the fact that law enforcement officers returned

---

[1] It isn't clear to the court whether Ms Anderson is the owner of the property or whether she is a tenant. It also is not clear if the Defendant has any ownership or other possessory interest in the property; notwithstanding this issue, there has been no challenge to his standing to bring this motion.

1

the subject item to its purported owner rather than retained it within their control. The essence of the Defendant's argument is that the State's failure to preserve this evidence violated his right to due process.

In California v Trombetta, 467 U.S. 479, 488-89, the United States Supreme Court held that the question of whether a defendant has been denied his right to a fair trial as the result of the State's loss or destruction of evidence is not limited to whether the State has acted in bad faith or not. "Rather, ...the question of whether a defendant is required to prove that the State acted in bad faith is a function of the nature of the lost or destroyed evidence." The Court made it clear that prosecutors have a duty to preserve *material* evidence and for evidence to be regarded as *material*, that evidence must possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. Further, the Court stated that, in the absence of demonstrated bad faith, the prosecutors failure to preserve only *potentially useful* evidence is not a denial of due process.

Our Law Court has addressed this issue in State v. Cote, 2015 ME 78, ¶ 15, 118 A.3d 805, 810 when it wrote,

> [to] determine whether the State's failure to preserve evidence violated a defendant's right to a fair trial, the trial court is required to conduct a bifurcated analysis. First, the court must determine whether the evidence possessed an exculpatory value that was apparent before the evidence was destroyed. If so, then the defendant must show only that the evidence was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. If, however, the exculpatory value of the evidence was not apparent at the time of its loss or disappearance, the defendant cannot establish a constitutional deprivation without proof that the State also acted in bad faith in failing to preserve the evidence.

In this case, the Defendant has failed to demonstrate that the evidence claimed to be "lost or destroyed" possessed any exculpatory value that was apparent at the time of its "loss." Further,

2

the Defendant has failed to demonstrate any bad faith of the part of the law enforcement officers involved in handling that evidence.

Moreover, irrespective of the questions of whether the evidence possessed "exculpatory value" and whether the prosecution acted in "bad faith", the Defendant faces a more basic problem. Before the court can turn its attention to whether evidence was "exculpatory" or whether there has been "bad faith", the Defendant must get over a threshold requirement that in deed, the subject evidence has been "lost or destroyed." All that the Defendant has demonstrated is that law enforcement officers returned property to its purported owner. The Defendant has not demonstrated that the evidence will not be available for his trial. The court is aware of no prohibition for law enforcement officers to return property to owners pending trial. If the State can produce the evidence at trial, by definition it is not "lost or destroyed." In State v. Smith, 400 A.2d 749, 757, the Law Court stated that the State had no obligation to provide for inspection of objects outside of its possession, custody or control. Once such objects were returned to their owner, those objects were as accessible to the Defendant as they were to the State. Should it occur that the owner has not retained custody of the object or otherwise is unable to produce it at trial, then it may well be the State that is prejudiced by its actions rather than the Defendant.

The Defendant raises a second challenge to the State's introduction of the vehicle rims and tires as evidence at any subsequent trial. That challenge centers around the execution of a search warrant upon the Anderson property on November 9, 2014. The inventory of that search reflects that, among other things, law enforcement officers seized a "Red 1999 GMC Pickup Truck with Main (sic) Registration 7A9679. The tires of the truck were stolen and *identified in plain view.*" (emphasis supplied).

3

It is clear that the search warrant that law enforcement obtained did not identify any motor vehicle tires as the object of their search. However, it has long been the law of this State and the nation that "objects in plain view, sighted inadvertently after a lawful intrusion into activities or areas as to which there is a reasonable expectation of privacy will be admissible. State v. Cloutier, 544 A.2d 1277, 1280 (citing Coolidge v. New Hampshire, 403 U.S. 443).

In this case, Trooper Michaud was investigating the theft of some tires and rims belonging to Mr. Lajoie. He was lawfully on the premises pursuant to the search warrant that he had obtained.[2] Mr. Lajoie had given the officer a full description[3] of his tires and in particular a description of a unique tire repair that he had done. Following a flat tire incident, Mr. Lajoie had repaired the tire. The tire had been plugged and the plug was in close proximity to the letter "S" on the tire. Without moving the vehicle or using anything other than his own sense of sight, the trooper identified the plug in the exact location that Mr. Lajoie had described for him and concluded that he was observing the stolen tires. He then seized them.

This court concludes that the seizure was authorized by the "plain view doctrine."

The entry shall be: The Defendant's Motion to Suppress is denied.

October 27, 2016

E. Allen Hunter
Active Retired Justice of the Superior Court

---

[2] There has been no challenge to the validity of the search warrant.
[3] They were ten-ply Cooper Discoverer M$S tires size 265/70 17s with a load rating of E.

4